UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI – SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| OAKLEY, INC., a Washington Corporation | ) ) ) | |
| Plaintiff, | ) ) | Cause No.: |
| vs. | ) ) | |
| CURRENT RIVER XPRESS, LLC a Missouri limited liability company, and LISA BURKE, individually, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff Oakley, Inc. hereby sues Defendants Current River Xpress, LLC and Lisa Burke (together, "Defendants"), and alleges as follows:

## INTRODUCTION

1.      This case concerns the violation of the intellectual property rights of Oakley by Defendants' ongoing sale of sunglasses in Missouri bearing counterfeits of one or more of Oakley's trademarks (the "Counterfeit Merchandise").  Through this action, Oakley seeks to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise. Oakley has been and continues to be irreparably harmed as a result of Defendants' unlawful actions.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a claim arising under the Lanham Act.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants reside, have their principal place of business, and continue to infringe Oakley's famous trademarks in this Judicial District.

## PARTIES

4.      Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect wholly-owned subsidiary of Luxottica Group S.p.A.

5.      Defendant Current River Xpress, LLC ("Current River Xpress"") is a limited liability company organized and existing under the laws of the State of Missouri, having a principal place of business at 101 Current River Express, Van Buren, MO 63965. Current River Xpress operates a retail gas station convenience store under the trade name "Dino Mart."

6.      Defendant Lisa Burke ("Burke") is, upon information and belief, a resident of Carter County, Missouri.  Burke is a principal owner, officer, manager and director of Current River Xpress and is one of the moving forces behind that entity's operations.

## FACTUAL ALLEGATIONS

**A.      The World-Famous Oakley Brand and Products**

7.      Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

8.      Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Missouri.

9.      Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Complaint.

2

10.     Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its Oakley trademarks.  As a result, products bearing Oakley's trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley, and have acquired strong secondary meaning.

11.     Oakley is the owner of the following United States Federal Trademark Registration (hereinafter, the "Oakley Trademark"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,984,501 |  | For: class 9 protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories |

12.     Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademark.  This registration is valid, and subsisting and incontestable.

13.     The registration of the Oakley Trademark constitutes *prima facie* evidence of its validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademark in connection with the goods identified therein and other commercial goods.

14.     The registration of the Oakley Trademark also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley Trademark.

15.     The Oakley Trademark qualifies as a famous mark, as that term is used in 15 U.S.C. § 1125(c)(1).

16.     The Oakley Trademark at issue in this case has been continuously used in interstate commerce and has never been abandoned.

**B.      Defendants' Infringing Conduct**

17.     Defendants Current River Xpress and Burke are repeat counterfeiters.  On August 13, 2016, Oakley's investigator visited the Current River Xpress convenience store located at 101 Current River Express, Van Buren, MO 63965.  During this visit, Oakley's investigator discovered that Defendants were advertising, offering for sale, and/or selling approximately 60 pair of sunglasses bearing logos and source-identifying indicia that are imitations of one or more of Oakley's registered trademarks.

18.     Oakley's investigator purchased one pair of sunglasses bearing reproductions of the Oakley Trademark for a total of $10.81, including tax.  Below are photographs depicting the sunglasses purchased from Defendants on that day along with the sales receipt:




19.     Oakley's investigator returned to Defendants' store later that same day accompanied by a law enforcement officer from the Carter County, Missouri Sheriff's Department. During that visit, Oakley's investigator provided Defendant Burke with a cease-and-desist letter relating to Defendants' sale of counterfeit Oakley trademarked items.

4

20.     Upon receipt of the cease-and-desist letter, Defendant Burke advised Oakley's investigator that Defendants would "just take their chances."

21.     On July 15, 2021, Oakley's investigator returned to the Current River Xpress and again discovered that Defendants were advertising, offering for sale, and/or selling approximately 30 pair of sunglasses bearing logos and source-identifying indicia that are imitations of the Oakley Trademark.

22.     Oakley's investigator purchased one pair of sunglasses bearing reproductions of the Oakley Trademark for a total of $10.69, including tax.  Below are photographs depicting the sunglasses purchased on that day along with the sales receipt:




23.     Oakley subsequently inspected the sunglasses purchased on July 15, 2021, and determined that the sunglasses contained counterfeit reproductions of the Oakley Trademark. Specifically, the sunglasses contained markings that were inconsistent with markings found on authentic Oakley trademarked sunglasses.

24.     Defendants have no license, authority, or other permission from Oakley to use the Oakley Trademark in connection with the advertising, promoting, distributing, displaying, selling, and/or offering for sale of Counterfeit Merchandise.

25.     The forgoing acts of Defendant Current River Xpress constitutes direct trademark infringement in violation of federal law.

26.     The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Oakley products offered for sale and sold by Current River Xpress are authentic or authorized products of Oakley.

27.     The activities of the Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Oakley.

28.     Defendants are well aware of the extraordinary fame and strength of the Oakley brand, the Oakley Trademark, and the incalculable goodwill associated therewith.

29.     Defendant Lisa Burke materially contributed to and facilitated the above-described infringement of the Oakley Trademark by having permitted and continuing to permit the offering for sale and the sale of counterfeit and infringing Oakley trademarked items through Current River Xpress notwithstanding (i) Burke's knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii)  Burke's constructive knowledge of the offering for sale and the sale of the Counterfeit Merchandise or, alternatively, (iii) Burke's willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

30.     Defendant Burke has and continues to have the right and ability to supervise the infringing conduct of Current River Xpress and has a direct financial interest in the infringing

6

conduct; however, she continues to act with reckless disregard or willful blindness, effectively condoning Current River Xpress' unlawful activities.

31.     Defendant Burke is directly and contributorily liable for these infringing activities.

32.     Defendants' knowing and deliberate hijacking of the Oakley Trademark, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Oakley's goodwill and reputation.  In addition, the damages caused by Defendants are especially severe because the Counterfeit Merchandise is inferior in quality to authentic Oakley products.

33.     The harm being caused to Oakley is irreparable and Oakley does not have an adequate remedy at law. Oakley therefore seeks the entry of an injunction preventing the sale of counterfeit Oakley products by Defendants.  Oakley also seeks damages, including exemplary damages, as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Oakley's trademark.

## COUNT I
## Trademark Counterfeiting
## (15 U.S.C. § 1114)

34.     Oakley repeats and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35.     Defendants without authorization from Oakley, have used and are continuing to use spurious designations that are identical to or substantially indistinguishable from the Oakley Trademark.

36.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that counterfeit Oakley products offered for sale and sold by Defendants are authentic or authorized Oakley products.

7

37.     Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the counterfeit Oakley products and Oakley.

38.     Current River Xpress has willfully infringed Oakley's trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39.     Lisa Burke has also directly and contributorily willfully infringed the Oakley Trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Oakley, Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Current River Xpress and Lisa Burke, jointly and severally, as follows:

A.     Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B.     Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, tenants, vendors and attorneys, and all those persons or entities in active concert or participation with them from:

1.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Oakley Trademark, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Oakley's rights in the Oakley Trademark;

2.      engaging in any other activity constituting unfair competition with Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Oakley;

C.      Requiring Defendants to file with this Court and serve on Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.      Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Oakley, or is related in any way with Oakley and/or its products;

E.      Awarding Oakley statutory damages per counterfeit mark per type of good offered for sale in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F.      Awarding Oakley its costs, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Oakley pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H.      Awarding Oakley such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Oakley, Inc. requests a trial by jury in this matter.

Dated: February 4, 2022

Respectfully submitted,

By. /s/ *Amy L. Fehr*
Amy L. Fehr (Mo. 60033)
CAPES SOKOL GOODMAN AND
SARACHAN, P.C.
8182 Maryland Ave., Fifteenth Floor
St. Louis, MO 63105
(314) 721-7701 (Telephone)
(314) 721-0554 (Fax)
fehr@capessokol.com

David B. Rosemberg (Fla. 0582239)
(*pro hac vice motion to be filed*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
(305) 602-2008 (Telephone)
(305) 602-0225 (Fax)
david@rosemberglaw.com

*Counsel for Plaintiff Oakley, Inc.*